Carry W. and Allie Lucille CHANDLER
*v.* Rosie Lillian PALMER et al

79-216                                            588 S.W. 2d 444

Opinion delivered October 29, 1979

*Acchione & King,* for appellants.

*Blackmon & Zakrzewski,* for appellees.

CONLEY BYRD, Justice. This is a boundary dispute between appellants Carry W. and Allie Lucille Chandler who claim title to the strip in question by a deed from Buell Teer and appellees Rosie Lillian Palmer, et al who claim by adverse possession to an old fence erected in 1932 by their predecessor in title. The trial court found the issue of adverse possession in favor of appellees and fixed the boundary between the parties along a new fence erected by appellees some two feet inside of the old fence. For reversal appellants raise essentially fact issues contending that the trial court's findings are against a preponderance of the evidence in that appellees failed to establish: (1) pedal possession; (2) hostile possession; for the statutory period of

seven years (3) the location of the old fence; and (4) the sufficiency of the character of the old fence to give notice to the true owner. We affirm the trial court.

Lillian Palmer testified that she had been acquainted with the property since 1932 when her mother-in-law acquired the title to 12 acres and erected a hog wire fence with two barbed wires around the entire 12 acres. She and her husband acquired the six something acres that she and the other appellees now own from her mother-in-law in 1945. She states that she and her husband used the area up to the old fence for gardening and pasture. Her husband, who died in 1971, repaired the fence from time to time to keep in the livestock they owned. The new fence was erected just inside the old fence after appellants' complained about the clearing out of the old fence.

H. S. Mc Donald testified that he had lived across the street from the Palmers since 1959 and that there had always been an old fence through the area along the back property line. He stated that Mr. Palmer always maintained a garden and a pasture up to the old fence.

Gorden Palmer testified that he had lived in the area for 32 years except for a few years when he was gone and got married. However, he testified that for 15 years he farmed and pastured up to the old fence line.

Appellant Carry W. Chandler does not deny the existence of an old fence. He admits that his predecessor in title strung some barbed wire along the old fence line to hold in his horses. On redirect he stated that the old fence that appellees' counsel kept describing was where his predecessor straightened up the barbed wire to hold his horses. The old fence vaguely coincided with what is the red line on the survey and is approximately what the new fence coincides with.

Appellants point to *Maney* v. *Dennison,* 110 Ark. 571, 163 S.W. 783 (1914) and contend that the proof here is sufficient to show any particular portion of the lands that appellees have occupied for a sufficient length of time to

ripen into title by limitation. We disagree with appellants, for, as we read the record, the area has either been in an enclosure or occupied by a garden since sometime in 1932. Furthermore, it appears that appellants' predecessor in title by erecting the barbed wire fence along the old fence line for purposes of holding in his horses was acquiescing in the old fence as the boundary.

Neither can we agree with appellants' position that the original entry by appellees and their predecessor in title was permissive. Such suggestion on the part of appellants is not supported by the record.

The assertion that the location of the old fence was not established with definiteness is not supported by the evidence. In fact appellants' own proof tied the old fence in with the red line on the survey. Appellants are not in a position to complain about the fact that the trial court fixed the boundary line in accordance with the new fence since the proof on the part of appellees was more than ample to show their adverse possession to the old fence.

Finally appellants contend that the old fence was not of sufficient character to establish adverse possession. Needless to say the proof shows that the original fence consisted of hog wire and two barbed wires erected to posts. An exhibit shows the tops of some of the old posts sticking out through the honeysuckle vines covering the old fence. Such fences are ordinarily considered as sufficient to establish adverse possession, particularly where the person maintaining the fence maintains a garden and a pasture next to the fence. See *Laney* v. *Arkansas Real Estate Co., Inc.,* 234 Ark. 187, 350 S.W. 2d 911 (1961) and *Dierks* v. *Vaughn,* 131 F. Supp. 219 (E.D. Ark. 1954).

Affirmed.

HARRIS, C.J. not participating.